STATE OF LOUISIANA

VERSUS

CORNELIUS ELLIS, SR.

NO. 23-KH-575

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

December 03, 2024

Linda Wiseman
First Deputy Clerk

**IN RE** CORNELIUS ELLIS, SR.

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE JOSEPH A. MARINO, III, DIVISION "D", NUMBER 17-7016

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Timothy S. Marcel

**WRIT DENIED**

Relator/defendant, Cornelius Ellis Sr., filed a *pro se* writ application with this Court on December 12, 2023, challenging the State's method of instituting the prosecution in the instant case. In his application, defendant sought review of the trial court's November 15, 2023 order denying his "Motion to Quash the Defective Bill of Information/Bill of Indictment." Upon initial review, this Court determined that the merits of defendant's writ application would be more appropriately considered alongside his appeal in 24-KA-96, and ordered that his writ application in 23-KH-575 be referred for consideration to the panel addressing the merits of his appeal in 24-KA-96. This Court subsequently dismissed defendant's appeal in 24-KA-96 as untimely. Accordingly, we now consider defendant's writ application under this Court's supervisory jurisdiction.

In this writ application, relator seeks supervisory review of the trial court's denial of his "Motion to Quash the Defective Bill of Information/Bill of Indictment." For the following reasons, the writ application is denied.

On November 20, 2019, relator was found guilty by a jury of sexual battery of a victim under thirteen years of age. On December 2, 2019, the trial court sentenced relator to fifty years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. On the same date, relator was given notice that a multiple offender hearing was set for December 16, 2019. After numerous continuances, the State filed a multiple offender bill of information alleging relator was a second-felony offender on August 13, 2021. On November 15, 2023, the State withdrew the multiple offender bill of information.

23-KH-575                                          1

While the multiple offender hearing remained pending, relator filed a Motion to Quash Defective Bill of Information/Bill of Indictment with the district court on October 11, 2023.  In it, relator argued that the State was required to charge him by grand jury indictment for the crime of sexual battery when the victim is under thirteen years of age.  On November 15, 2023, the district court denied relief, finding that the "District Attorney [was] authorized to initiate prosecution for a crime punishable by less than life in prison by either indictment or information" pursuant to La. C.Cr.P. art. 382, and further finding that relator's motion to quash was "untimely filed by many years" because La. C.Cr.P. art. 535 required such a motion to quash to be filed before trial.

In this writ application, relator challenges the State's method of instituting prosecution in his case.  Relator contends "he should have been indicted rather than direct billed for the crime at issue."  We disagree.  La. C.Cr.P. art. 382 sets forth the methods of instituting criminal prosecutions and provides in pertinent part: "[a] prosecution for an offense punishable by death, or for an offense punishable by life imprisonment, shall be instituted by indictment by a grand jury. Other criminal prosecutions in a district court shall be instituted by indictment or by information."  In the instant case, defendant was charged with one count of sexual battery of a victim under thirteen years of age in violation of La. R.S. 14:43.1.  Because the offense is not punishable by death or life imprisonment, prosecution could have been instituted by indictment or by information.  *See* La. R.S. 14:43.1(C)(2).  Based on our review of the record, we find the State properly instituted prosecution by bill of information as provided by La. C.Cr.P. art. 382.

Based on the foregoing, we find that the trial court did not err in denying defendant's *pro se* Motion to Quash the Defective Bill of Information/Bill of Indictment.

Accordingly, this writ application is denied.

Gretna, Louisiana, this 3rd day of December, 2024.

**TSM**
**FHW**
**JGG**

2

23-KH-575

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **12/03/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**23-KH-575**

CURTIS B. PURSELL
CLERK OF COURT

### E-NOTIFIED
24th Judicial District Court (Clerk)
Honorable Joseph A. Marino, III (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED
Cornelius Ellis Sr. #347116 (Relator)
Raymond Laborde Correctional Center
1630 Prison Road
Cottonport, LA 71327